IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Desimber Wattleton-Jones; and Christopher Jones, | ) C/A No. 6:13-2714-TMC-JDA <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| vs. | ) <br> ) |
| Tommy Richardson; Barbara Wright; Gregory R. Wright; Paul Cuddy; Grace Cathedral Ministries; Dove Love Foundation; and FirstFruits Foundation, | ) **REPORT AND RECOMMENDATION** <br> ) <br> ) <br> ) <br> ) |
| Defendants. <br> _____ | ) <br> ) <br> ) |

Desimber Wattleton-Jones and Christopher Jones ("Plaintiffs"), jointly proceeding pro se, removed this civil action from the Greenville County Court of Common Pleas. Plaintiffs are proceeding *in forma pauperis*. The Notice of Removal alleges that this Court has diversity subject matter jurisdiction over this action. This action is subject to summary remand.

Background

In the Notice of Removal, Plaintiffs allege they filed an action in the Greenville County Court of Common Pleas on or about August 30, 2013. Notice of Removal [Doc. 1 at 1]. On October 4, 2013, Plaintiffs removed the action to this Court. *Id.* They allege this Court has diversity subject matter jurisdiction over the action because the amount in controversy exceeds $75,000 and complete diversity of citizenship exists between the parties. *Id.* Plaintiffs allege they reside in Greenville County and are citizens of South Carolina. *Id.* at 2. They allege that upon information and belief Defendant Gregory R.

Wright resides in New York, New York. *Id.* In the Complaint[1], Plaintiffs allege that Defendants Tommy Richardson, Barbara Wright, Paul Cuddy, Grace Cathedral Ministries, Dove Love Foundation, and First Fruits Foundation are all domiciled in South Carolina. [Doc. 1-1 at 4.] Plaintiffs apparently bring this action based on the alleged breach of a settlement agreement entered into on or about January 15, 2013. *Id.* Plaintiffs seem to allege they have not served Defendants with the summons and Complaint, but they did serve the Notice of Removal on Defendants. [Doc. 1 at 1, 3.]

## Standard of Review

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. Plaintiffs filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As pro se litigants, Plaintiffs' pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary remand. The mandated liberal construction afforded to pro se pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiffs could prevail, it should do so, but a district court may not rewrite

---

[1] Plaintiffs attached a copy of the Complaint to the Notice of Removal [Doc. 1-1 at 3–16].

a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct a plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

A district court may *sua sponte* remand a case to state court based on lack of subject matter jurisdiction. *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998); *see also Nat'l Fed. of Indep. Bus. v. Sebelius*, 132 S. Ct. 2566, 2576 (2012) (explaining that the federal government possesses only limited powers). A defendant in a case in a state court may remove that case to a federal district court only if the state court action could have been originally filed in a federal district court.[2] *See* 28 U.S.C. § 1441. Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28

---

[2] Plaintiffs improperly removed this action because only a defendant may remove a case. It is well settled that a Notice of Removal must be filed by a defendant. *See* 28 U.S.C. § 1446. However, if such a defect in removal is considered to be a procedural defect, this Court is not recommending remand on this basis but rather on the basis of lack of subject matter jurisdiction. *See Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 198-99 (4th Cir. 2008) (holding that the parties are given the right to police non-jurisdictional questions and a party may decide to waive a procedural defect).

U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331.

In this case, Plaintiffs allege that diversity subject matter jurisdiction exists because Plaintiffs are domiciled in South Carolina and Defendant Gregory R. Wright is domiciled in New York, and the amount in controversy exceeds $75,000. However, Plaintiffs misinterpret the law related to diversity because complete diversity is required between a plaintiff and all defendants. *See Hardway v. Checker's Drive-In Rest., Inc.*, 483 F. App'x 854 (4th Cir. 2012) (the presence of a defendant who is a citizen of the same state as the plaintiff does not satisfy complete diversity). In other words, if one defendant is domiciled in the same state as the plaintiff, complete diversity does not exist. *Id.* In this case, all Defendants except Gregory R. Wright are alleged to be domiciled in South Carolina which is also the state of Plaintiffs' residence. Thus, complete diversity between the parties does not exist, and this Court lacks subject matter jurisdiction over this action.

### Recommendation

It is recommended that the District Court summarily remand this action to state court pursuant to 28 U.S.C. § 1447, based on lack of subject matter jurisdiction. **Plaintiffs' attention is directed to the important notice on the next page.**

s/ Jacquelyn D. Austin
United States Magistrate Judge

December 23, 2013
Greenville, South Carolina

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).